[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This tax appeal challenges the assessment by the City of New London on the property of the plaintiff as of October 1, 1988, which assessment was in the amount of $11,186,070, based on 70% of the actual value of $15,980,100, as set by the City.
The property in question is a housing project, including 295 units, somewhat subsidized by HUD.
It has been established that the plaintiff is now in Chapter 11 of the Bankruptcy Law, and also that the first mortgagee has commenced foreclosure proceedings. CT Page 7513
However, the law of this state seems to be clear that a recession, hard times, and a poor economic climate occurring after the assessment date can not be taken into account in a tax appeal based upon an assessment date of October 1, 1988. (Newbury v. Stamford, 226 Conn. 92).
At the present trial, the parties have agreed that the appropriate valuation of the property is to be based on the reasonable income approach.
The appellant took no appeal when the defendant City first issued its assessment on October 1, 1988. Approximately two years later the appeal was taken to this court.
The appraiser, Mr. Silverstein, called by the appellant testified that, earlier, as of August 1987, he had appraised the property at $3,750,000, which would be increased by improvements of $4,500,000 to a practical value of $10,500,000.
Mention was made during the trial that vandalism and graffiti are factors to be considered in connection with low income housing.
In summation, the plaintiff's appraiser, basing his opinion on reasonable income, came to a valuation of $7,100,000 as of October 1, 1988.
Yet, as of August 4, 1987, Mr. Silverstein had appraised the property at $14,000,000. (Defendant's Exhibit 8, pp. 52 and 53).
Also, on or about October 1, 1988, there were loans and mortgages against the property totaling approximately $12,923. However, eleven months prior to October 1, 1988 the property was sold for $5,600,000.
In answer to the plaintiff's evaluation of the property, the defendant called Mr. Flanagan, who was the city's assessor on October 1, 1988 and is also an appraiser. Mr. Flanagan testified as to the value of the property as being $16,000,000 as of October 1, 1988.
With reference to rentals, Mr. Flanagan pointed to CT Page 7514 an excellent occupancy record, largely guaranteed by the Federal Government.
The stronger case would seem to have been made by the City — although the plaintiff makes a valid claim to the effect that the only expert testimony presented by the City was the self-serving testimony by the City assessor, with no independent expert testimony.
After hearing all the testimony and examining the numerous exhibits, the court finds that the defendant's assessment was somewhat high. Accordingly the court finds that the value of the property on October 1, 1988 was $13,000,000, and that a proper assessment of the property, as of October 1, 1988, being 70% of the actual value, would be $9,100,000.
Wherefore, the defendant City of New London, its Assessor, and its Board of Tax Review are directed to adjust the assessments in accordance with this decision.
No costs to either party.
Wright, J. State Trial Referee